Marshall Beil (MB-0992)
Allison D. Charney (AC-0358)
McGUIREWOODS LLP
1345 Avenue of the Americas
Seventh Floor
New York, NY  10105-0106
(212) 548-7004
*Attorneys for Defendants*
*Paul Yaffe Design Inc. and Paul Yaffe*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| PYO ORIGINALS, LLC and DAWN BENNETT, | 07 Civ. 8583 (GBD) |
| | ECF CASE |
| Plaintiffs, | |
| - against - | |
| PAUL YAFFE DESIGN INC. and PAUL YAFFE, | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Paul Yaffe Design, Inc. and Paul Yaffe respectfully submit this memorandum of law in support of their motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

This is a dispute over a failed transaction between two businesspeople. According to the complaint, they formed the plaintiff LLC, each as a fifty-percent member, as the first step in their joint venture. (Complaint (Compl.") ¶¶ 3, 15. (For the convenience of the Court, the Complaint is attached to the Declaration of Paul Yaffe, dated November 29, 2007 ("Yaffe Decl.") as Exhibit A).

Now, one LLC member seeks to bring this lawsuit on behalf of herself and the LLC against the other member. Because of the citizenship of the members of the LLC, however, there is not complete diversity – the only jurisdictional basis alleged in the complaint. (Compl. ¶ 1). Thus, the action should be dismissed for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

The complaint alleges that this Court has jurisdiction over this action under 28 U.S.C. § 1332 based on diversity of citizenship of the parties. (*Id.*) It alleges that there is diversity because plaintiff PYO Originals, LLC (the "plaintiff LLC") is a Delaware limited liability company and Bennett is a citizen of Washington, D.C. while defendants are citizens of Arizona.[1] (Compl. ¶ 1; Yaffe Decl. ¶¶ 2,3). What the complaint fails to recognize, however, is that the plaintiff LLC is also a citizen of Arizona and Washington, D.C. because those are the states of citizenship of its members Paul Yaffe and Dawn Bennett, respectively. (Compl. ¶¶ 1, 3, 15; Yaffe Decl. ¶¶ 2-4).

## ARGUMENT

This Court lacks jurisdiction over the subject matter of this action. Fed R. Civ. P. 12(b)(1). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova v. U.S.*, 201 F.3d 110, 113 (2d Cir. 2000). Plaintiffs cannot meet that burden here.

---

[1] The complaint identifies plaintiff "PYO Originals, LLC" as a Delaware limited liability company. (Compl. ¶ 1). Yet, according to the Delaware Secretary of State's website, the only comparable entity registered as an LLC in Delaware is "Paul Yaffe Originals, LLC." (Yaffe Decl.. ¶ 4).

\4888550.3

As plaintiffs' claims all arise under state law, the only basis for jurisdiction alleged in the complaint is diversity of citizenship. The district courts have diversity jurisdiction where, assuming the requisite amount in controversy, the suit is "between citizens of different states." 28 U.S.C. § 1332(a). It is well-established that diversity jurisdiction requires "complete" diversity – all plaintiffs must be diverse from all defendants. *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply,* 409 F.3d 73, 80 (2d Cir. 2000); *Handelsman v. Bedford Village Assoc., Ltd. P'ship.*, 213 F.3d 48, 51 (2d Cir. 2000). "Diversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul,* 409 F.3d at 80.

For diversity purposes, citizenship of a limited liability company is determined by the citizenship of each of its members. *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 579 (2004); *Handelsman,* 213 F.3d at 51.

As determined by its members, the citizenship of the plaintiff LLC is both Arizona (Paul Yaffe) and Washington, D.C. (Dawn Bennett) as well as Delaware, the state of organization. Since both defendants are also citizens of Arizona diversity is destroyed. *Id.;* Compl. ¶¶ 1, 3, 15; Yaffe Decl. ¶¶ 2-4.

Since the court does not have subject matter jurisdiction, the complaint should be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants Paul Yaffe Design, Inc. and Paul Yaffe respectfully request that this Court grant defendants' motion and dismiss the

3

complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: New York, New York
       November 30, 2007

                    Respectfully submitted,

                    _____/s/ Marshall Beil_____
                    Marshall Beil (MB-0992)
                    Allison D. Charney (AC-0358)
                    McGUIREWOODS LLP
                    1345 Avenue of the Americas
                    New York, NY 10105
                    (212) 548-7004
                    *Attorneys for Defendants*
                    *Paul Yaffe Design Inc. and Paul*
                    *Yaffe*

\4888550.3