USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUN 16 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
DAWN BENNETT,                            :
                                         :
                    Plaintiff,           :    07 Civ. 8583 (GBD)
                                         :
        - against -                      :
                                         :
PAUL YAFFE DESIGN INC. and               :    **STIPULATED**
PAUL YAFFE,                              :    **CONFIDENTIALITY ORDER**
                                         :
                    Defendants.          :
                                         :
                                         :
---------------------------------------- x

The parties, represented by the undersigned counsel, hereby stipulate and agree as follows:

1.  "Discovery Material" shall be defined as all information, in any form, disclosed by either party in the above-captioned matter pursuant to the methods of obtaining disclosure described in Rule 26(a)(5) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

2.  Either party may designate as "Confidential" any Discovery Material with respect to which that party in good faith believes there is "good cause" under applicable law for protecting that information from public disclosure. Designation of Discovery Material as "Confidential" shall refer to any so designated Discovery Material and all copies and shall also refer to the substance of the information so designated.

3.  Discovery Material designated "Confidential" shall be maintained in confidence by the party to whom such materials are produced or given solely for use in connection with this action and shall not be disclosed (unless necessary to comply with any

court order, subpoena, or other direction by a court, administrative agency or legislative body) to any person except:

    a.    any party in this action and John Hopen;

    b.    the Court and any court reporters who transcribe testimony at hearings, conferences or depositions;

    c.    outside counsel of record and employees and agents (such as document processing vendors) of outside counsel of record;

    d.    witnesses and prospective witnesses at any proceeding in this matter who do not fall within 3(e), provided that such persons sign a confidentiality undertaking in the form of Exhibit A hereto; and

    e.    third parties retained or consulted by the parties in connection with this litigation, provided that such persons sign a confidentiality undertaking in the form of Exhibit A hereto.

4.    Nothing in this Order shall prevent any party from using or disclosing his or its own Confidential material.

5.    If a party believes that any Discovery Material designated "Confidential" by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, the objecting party shall send a letter to the designating party identifying by bates number, or other identifying mark, the Discovery Material in dispute. The designating

NYC_264739 1

party may apply to the Court (or any special master appointed), no later than twenty (20) business days after the receipt of the letter from the objecting party, for determination as to whether such designation is appropriate under Fed. R. Civ. P. 26(c). The burden to demonstrate good cause for the designation of the Discovery Material as "Confidential" shall remain on the designating party at all times. If the designating party fails to apply to the Court within 20 business days or the Court determines that a protective order under Fed. R. Civ. P. 26(c) is not warranted, the Discovery Material at issue shall no longer be considered "Confidential" for purposes of this Stipulated Confidentiality Order. Failure to object to the designating party's confidentiality designation at time of production or thereafter shall not be considered to be evidence of agreement with the designations. An objecting party's failure to assert an objection at any time prior to trial of this action shall not be considered or construed to be a waiver of the objection or evidence of estoppel or laches.

6. No designation of "Confidential" material shall be effective unless there is placed or affixed on each page to which such designation relates a "CONFIDENTIAL" notice or the equivalent. Any confidential designation that is inadvertently omitted during document production may be corrected by written or oral notification to opposing counsel. Testimony given at and exhibits marked at a deposition or hearing may be so designated by an appropriate statement at the time of the giving of such testimony or designation within ten (10) business days after receipt of the transcript of the deposition or hearing.

7. All "Confidential" material shall be stored under the direct control of counsel of record who shall make all reasonable efforts to prevent any disclosure thereof, except in accordance with the terms of this Stipulated Confidentiality Order. At the conclusion of this

matter, all "Confidential" material produced by a party and all copies thereof shall be returned to that party, or counsel of record shall certify in writing that such material has been destroyed.

8. In the event that any party determines to file in or submit to the Court any material marked "Confidential," such party shall seek to file pages containing such materials in sealed envelopes on which shall be endorsed the caption of this action and a statement substantially in the following form:

CONFIDENTIAL

FILED UNDER SEAL PURSUANT TO CONFIDENTIALITY ORDER DATED June __, 2008

All materials filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such document is not confidential and need not be preserved under seal. Redacted pages shall be filed in the public record.

9. Nothing contained in this Stipulated Confidentiality Order shall prevent the use of Discovery Materials designated "Confidential" at a trial, conference or deposition in the above-captioned action, nor shall it prevent the party who produces such Discovery Material from disclosing said information as that party deems appropriate. If such Discovery Material is used at a trial, all portions of the transcripts and exhibits thereof which refer or relate to such material shall, if so ordered by the Court prior to or during said trial, be designated and treated pursuant to the provisions of this Stipulated Confidentiality Order.

NYC_264739.1

10. The court retains discretion whether to afford confidential treatment to any Confidential Discovery Material submitted to the Court in connection with any motion, application or proceeding that may result in an order and/or decision by the Court.

11. The restrictions set forth in any of the preceding paragraphs shall not apply to information or material that:

a. was, is or becomes public knowledge, not in violation of this Stipulated Confidentiality Order;

b. is acquired by the non-designating party from a third party having the right of disclosure of such information or material; or

c. was lawfully possessed by the non-designating party prior to entry by the Court of this Stipulated Confidentiality Order.

12. The parties agree that any documents that are inadvertently produced after the date that this Stipulated Confidentiality Order is signed that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege or any other relevant privilege, shall not constitute waiver of the applicable privilege. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

NYC_264739.1

13. Nothing contained in this Stipulated Confidentiality Order shall serve as a waiver of either party's right to seek additional or further protections with respect to the production of additional Discovery Materials in this action.

14. This Stipulated Confidentiality Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all proceedings therein.

15. This Stipulated Confidentiality Order may be executed in several counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

NYC_264739.1

Dated: New York, New York
June 12, 2008

FOLEY & LARDNER LLP

By: *Robert A. Scher*
Peter N. Wang (PW 9216)
Robert A. Scher (RS 2910)
90 Park Avenue
New York, New York 10016
(212) 682-7474

*Attorneys for Plaintiff Dawn Bennett*

MCGUIREWOODS LLP

By: *Marshall Beil*
Marshall Beil (MB 0992)
Allison D. Charney (AC 0358)
1345 Avenue of the Americas
New York, New York 10105
(212) 548-7004

*Attorneys for Defendants
Paul Yaffe Design Inc. & Paul Yaffe*

SO ORDERED:   JUN 1 6 2008

*George B. Daniels*
Hon. George B. Daniels, U.S.D.J.
**HON. GEORGE B. DANIELS**

NYC_264739.1

## Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

DAWN BENNETT,

                      Plaintiff,

- against -

PAUL YAFFE DESIGN INC. and
PAUL YAFFE,

                      Defendants.

---------------------------------------------------------------x

07 Civ. 8583 (GBD)

### UNDERTAKING CONCERNING CONFIDENTIAL MATERIAL COVERED BY CONFIDENTIALITY STIPULATION AND ORDER DATED JUNE 12, 2008

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality Order dated June 12, 2008 in the above-captioned case, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

_____                  _____

         Date                                                                   Signature

NYC_264739.1